Keith J. Miller
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
(973) 690-5400
kmiller@rwmlegal.com

*Attorney for Plaintiffs*
*Actelion Pharmaceuticals Ltd and*
*Actelion Pharmaceuticals US, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ACTELION PHARMACEUTICALS LTD and ACTELION PHARMACEUTICALS US, INC., <br><br> Plaintiffs, <br> v. <br><br> TORRENT PHARMACEUTICALS LTD. and TORRENT PHARMA INC. <br><br> Defendants. | Civil Action No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **(Filed Electronically)** |

Plaintiffs Actelion Pharmaceuticals Ltd ("Actelion Ltd") and Actelion Pharmaceuticals US, Inc. ("Actelion Inc.") (collectively, "Actelion" or "Plaintiffs"), for their Complaint against Defendants Torrent Pharmaceuticals Ltd. ("Torrent Ltd.") and Torrent Pharma Inc. ("Torrent Inc.") (collectively "Torrent" or "Defendants"), hereby allege as follows:

## THE PARTIES

1.      Plaintiff Actelion Ltd is a Swiss corporation having a primary place of business at Gewerbestrasse 16, CH-4123 Allschwil, Switzerland.

2.      Plaintiff Actelion Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey 08560.

3.      Upon information and belief, Defendant Torrent Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Torrent House, Off. Ashram Road, Ahmedabad — 380 009, Gujarat, India.

4.      Upon information and belief, Defendant Torrent Inc. is a corporation operating and existing under the laws of the State of Delaware, having its principal place of business at 106 Allen Road, Suite 205, Basking Ridge, New Jersey, 07920.

5.      Upon information and belief, Torrent Inc. is a wholly-owned subsidiary of Torrent Ltd.

## JURISDICTION AND VENUE

6.      This is a civil action for infringement of United States Patent Nos. 7,094,781 ("the '781 patent") and 10,946,015 ("the '015 patent") (collectively, "the patents-in-suit"). This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*., as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201-02, and 35 U.S.C. § 271. This Court may declare the rights and other legal relations of the parties under 28 U.S.C. §§ 2201-02 because this case is an actual controversy within the Court's jurisdiction.

8.      Upon information and belief, Torrent Ltd., either directly or through one or more of its wholly-owned subsidiaries and/or agents, develops, manufactures, markets, distributes,

sells, and/or imports generic versions of branded pharmaceutical products throughout the United States, including in this Judicial District.

9. Upon information and belief, Torrent Ltd., through its wholly-owned subsidiary, Torrent Inc., maintains a regular place of business in New Jersey, including 106 Allen Road, Suite 205, Basking Ridge, New Jersey, 07920.

10. Upon information and belief, Torrent Inc. is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0400474439.

11. Upon information and belief, Torrent Inc. is registered with the State of New Jersey's Department of Health as a drug manufacturer and wholesaler under Registration No. 5003857.

12. Upon information and belief, Torrent Inc. is an agent for Torrent Ltd. with regard to Abbreviated New Drug Application ("ANDA") No. 211107, for which Torrent has sought approval from the United States Food and Drug Administration ("FDA").

13. Upon information and belief, Torrent Ltd., together with its agent Torrent Inc., filed or caused to be filed ANDA No. 211107 with the FDA.

14. Torrent Ltd. and Torrent Inc. have each committed, aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement, including acts in the State of New Jersey, that have led to foreseeable harm and injury to Actelion in the State of New Jersey.

15. Upon information and belief, Torrent Ltd. and Torrent Inc. will act in concert with each other with respect to the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of generic macitentan 10 mg oral tablets ("the ANDA Product").

16.     This Court has personal jurisdiction over Torrent Ltd. because, *inter alia*, Torrent Ltd.:  (1) maintains a regular place of business in New Jersey through its wholly-owned subsidiary, Torrent Inc.; (2) has purposely availed itself of the privilege of doing business in the State of New Jersey, directly and/or indirectly through its subsidiaries, agents, and/or alter egos; (3) maintains pervasive, continuous, and systematic contact with New Jersey, including the marketing, distribution, and/or sale of generic pharmaceutical products in New Jersey, directly and/or indirectly through its subsidiaries, agents, and/or alter egos; (4) upon information and belief, derives substantial revenue from the sale of its products in New Jersey, directly and/or indirectly through its subsidiaries, agents, and/or alter egos; and (5) upon information and belief, intends to, directly and/or indirectly through its wholly-owned subsidiary and agent, Torrent Inc., market, sell, and/or distribute the ANDA Product throughout the United States, including in the State of New Jersey.

17.     This Court also has personal jurisdiction over Torrent Ltd. because, *inter alia*, it has availed itself of the legal protections of the State of New Jersey by previously consenting to personal jurisdiction as well as by asserting counterclaims in this Judicial District.  *See*, *e.g.*, *Supernus Pharmaceuticals Inc. v. Torrent Pharmaceuticals Ltd. et al.*, Civil Action No. 3:21-14268 (FLW)(LHG); *Celgene Corporation v. Torrent Pharmaceuticals Ltd.*, Civil Action No. 18-11156 (MAS)(DEA); *Forest Laboratories, LLC et al. v. Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc.*, Civil Action No. 2:17-10273 (ES)(MAH); *Takeda Pharmaceutical Company Ltd. et al. v. Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc.*, Civil Action No. 17-3186 (SRC)(CLW); *Takeda Pharmaceuticals et al. v. Torrent Pharma Inc. and Torrent Pharmaceuticals Ltd.*, Civil Action No. 3:16-02091 (FLW)(DEA).

18.    Alternatively, this Court may exercise jurisdiction over Torrent Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because, *inter alia*, (1) Actelion's claims arise under federal law; (2) Torrent Ltd. is a foreign entity not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) Torrent Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, by submitting various ANDAs to the FDA and manufacturing, importing, offering to sell, or selling pharmaceutical products throughout the United States, such that this Court's exercise of jurisdiction over Torrent Ltd. satisfies due process.

19.    This Court has personal jurisdiction over Torrent Inc. because, *inter alia*, Torrent Inc.:  (1) has a principal place of business in New Jersey; (2) has employees in the places of business that it maintains in New Jersey; (3) has purposely availed itself of the privilege of doing business in New Jersey, including by, *inter alia*, registering with the State of New Jersey's Division of Revenue and Enterprise Service to do business in New Jersey under Business ID No. 0400474439 and securing a New Jersey manufacturer's and wholesale drug distributor's license under Registration No. 5003857; (4) maintains pervasive, continuous, and systematic contacts with New Jersey; (5) upon information and belief, develops, manufactures, and/or imports generic pharmaceutical products for sale and use throughout the United States, including in New Jersey; and (6) upon information and belief, intends to, directly or indirectly, market, sell, or distribute the ANDA Product throughout the United States, including in New Jersey.

20.    This Court also has personal jurisdiction over Torrent Inc. because, *inter alia*, it has availed itself of the legal protections of the State of New Jersey by previously consenting to personal jurisdiction as well as by asserting counterclaims in this Judicial District. *See, e.g.*, *Forest Laboratories, LLC et al. v. Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc.*, Civil Action No. 2:17-10273 (ES)(MAH); *Takeda Pharmaceutical Company Ltd. et al. v. Torrent*

*Pharmaceuticals Ltd. and Torrent Pharma Inc.*, Civil Action No. 17-3186 (SRC)(CLW); *Takeda Pharmaceuticals et al. v. Torrent Pharma Inc. and Torrent Pharmaceuticals Ltd.*, Civil Action No. 3:16-02091 (FLW)(DEA).

21.    Venue is proper in this Court as to Torrent Ltd. under 28 U.S.C. §§ 1391(b), (c), and/or (d), and 1400(b) because, *inter alia*, Torrent Ltd. is a foreign entity and may be sued in any judicial district in the United States in which Torrent Ltd. is subject to the court's personal jurisdiction.  Venue is proper for the additional reasons set forth above, and for other reasons that will be presented to the Court if such venue is challenged.

22.    Venue is proper in this Court as to Torrent Inc. under 28 U.S.C. §§ 1391(b), (c), and/or (d), and 1400(b) because, *inter alia*, Torrent Inc. has a principal place of business in New Jersey, and has committed and will commit further acts of infringement in this Judicial District. Venue is proper for the additional reasons set forth above and for other reasons that will be presented to the Court if such venue is challenged.

## THE PATENTS-IN-SUIT

23.    Actelion Inc. holds approved New Drug Application ("NDA") No. 204410, under which the FDA granted approval on October 18, 2013 for macitentan 10 mg oral once-a-day tablets, marketed in the United States under the trade name OPSUMIT®.

24.    OPSUMIT® (macitentan), approved in NDA No. 204410, is indicated for the treatment of pulmonary arterial hypertension (PAH, WHO Group I) to reduce the risks of disease progression and hospitalization for PAH.

25.    Actelion Inc. markets and sells OPSUMIT® in the United States.

- 6 -

26.     Actelion Ltd owns the '781 patent, titled "Sulfamides and Their Use as Endothelin Receptor Antagonists."  The '781 patent duly and legally issued on August 22, 2006.  A copy of the '781 patent is attached as Exhibit A.

27.     Actelion Ltd owns the '015 patent, titled "Stable Pharmaceutical Compositions Comprising a Pyrimidine-Sulfamide."  The '015 patent duly and legally issued on March 16, 2021. A copy of the '015 patent is attached as Exhibit B.

28.     Pursuant to 21 U.S.C. § 355(b)(l), the patents-in-suit are listed in the FDA publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* (also known as the "Orange Book"), as covering Actelion's OPSUMIT® brand macitentan tablets.

## ACTS GIVING RISE TO THE ACTION

29.     Upon information and belief, Torrent Ltd. and Torrent Inc. have jointly submitted ANDA No. 211107 to the FDA, seeking FDA approval for the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the ANDA Product.

30.     Torrent sent letters ("Notice Letters") with respect to the patents-in-suit to Actelion, stating that Torrent filed ANDA No. 211107, seeking approval from the FDA to commercially manufacture, use, or sell the ANDA Product in the United States (including, upon information and belief, in the State of New Jersey) prior to the expiration of the patents-in-suit.

31.     Torrent's Notice Letters represented that ANDA No. 211107 included certifications under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355) ("Paragraph IV Certifications") with respect to the patents-in-suit.

32.     Separate and apart from certain contentions regarding patent validity, Torrent's Notice Letter with respect to the '781 patent does not identify any factual basis for, or any opinion of, noninfringement of Claims 1, 5-9, and 11 of that patent.

33.     Separate and apart from certain contentions regarding patent validity, Torrent's Notice Letter with respect to the '015 patent does not identify any factual basis for, or any opinion of, noninfringement of Claims 1, 2, 4, 9, 10, 12-14, 16-18, 21-42 of that patent.

34.     Actelion commenced this action within 45 days of the date of Actelion's receipt of Torrent's Notice Letter with respect to the '781 patent.

### INFRINGEMENT

35.     Actelion re-alleges paragraphs 1-34 as if fully set forth herein.

36.     By seeking approval of ANDA No. 211107 to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the ANDA Product prior to the expiration of the patents-in-suit, Torrent has infringed the patents-in-suit under 35 U.S.C. § 271(e)(2)(A).

37.     Torrent Ltd. and its agent Torrent Inc. are jointly and severally liable for infringement of the patents-in-suit under 35 U.S.C. § 271(e)(2)(A).

38.     Upon information and belief, Torrent was aware that the submission of ANDA No. 211107 that included the Paragraph IV Certifications with respect to the patents-in-suit to the FDA constituted an act of infringement of the patents-in-suit.

39.     Actelion is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an Order of this Court that the effective date of the approval of ANDA No. 211107 be a date that is not earlier than the expiration date of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the patents-in-suit to which Actelion is or becomes entitled.

40.    If Torrent commercially manufactures, uses, offers to sell, or sells within the United States, and/or imports into the United States the ANDA Product prior to the expiration of the patents-in-suit, Torrent would further infringe the patents-in-suit under 35 U.S.C. §§ 271(a), (b), and/or (c).

41.    Torrent Ltd. and its agent Torrent Inc. are jointly and severally liable for infringement of the patents-in-suit under 35 U.S.C. §§ 271(a), (b), and/or (c).

42.    Upon information and belief, Torrent was aware that the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of the ANDA Product before the expiration of the patents-in-suit would constitute an act of infringement of the patents-in-suit.

43.    Actelion is entitled to a declaration that, if Torrent commercially manufactures, uses, offers for sale, or sells the ANDA Product within the United States, imports the ANDA Product into the United States, and/or induces or contributes to such conduct, Torrent will infringe the patents-in-suit under 35 U.S.C. §§ 271(a), (b), and/or (c).

44.    Actelion will be irreparably harmed by Torrent's infringing activities unless those activities are enjoined by this Court.  Actelion does not have an adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Actelion requests that the Court grant the following relief:

A.    A Judgment decreeing that Torrent has infringed the patents-in-suit by submitting ANDA No. 211107 that included the Paragraph IV Certifications with respect to the patents-in-suit;

B.    A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) or 35 U.S.C. § 283 restraining and enjoining Torrent, its directors, officers, agents, attorneys, affiliates, divisions,

successors and employees, and those acting in concert with Torrent, from infringing the patents-in-suit by the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of any drug product claimed in the patents-in-suit;

C.    An Order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any approval of ANDA No. 211107 be a date that is not earlier than the expiration of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the patents-in-suit to which Actelion is or becomes entitled;

D.    An award of monetary relief to the extent Torrent commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, any product that infringes, induces, or contributes to the infringement of the patents-in-suit within the United States prior to the expiration of the patents-in-suit, including any later expiration of any patent term extension or exclusivity for the patents to which Actelion is or becomes entitled, and that any such monetary relief be awarded to Actelion with prejudgment interest;

E.    An Order decreeing that this case is exceptional, and that Actelion is entitled to reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F.    Such other and further relief as the Court may deem just and proper.

Dated:  March 19, 2024

*Of Counsel:*

Bruce M. Wexler
Preston K. Ratliff II
Mi Zhou
Mark Russell Sperling
Sarah E. Spencer
Jessica Stauring
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

By:  <u>*s/ Keith J. Miller*</u>
Keith J. Miller
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102
(973) 690-5400
kmiller@rwmlegal.com

*Attorney for Plaintiffs*
*Actelion Pharmaceuticals Ltd and*
*Actelion Pharmaceuticals US, Inc.*

**CERTIFICATION PURSUANT TO
LOCAL CIVIL RULES 11.2 & 40.1**

I hereby certify that the matter in controversy involves the plaintiff Actelion Pharmaceuticals Ltd and a patent-in-suit (United States Patent No. 7,094,781) that were at issue in the matters captioned *Actelion Pharmaceuticals Ltd v. Zydus Pharmaceuticals (USA) Inc., et al.*, Civil Action No. 18-1397 (FLW)(LHG) (D.N.J.), *Actelion Pharmaceuticals Ltd v. Aurobindo Pharma USA Inc., et al.*, Civil Action No. 19-15437 (FLW)(LHG) (D.N.J.), and *Actelion Pharmaceuticals Ltd v. Laurus Labs Limited, et al.*, Civil Action No. 20-13967 (FLW)(LHG) (D.N.J.). Those matters were filed on January 31, 2018, July 16, 2019, and October 5, 2020, respectively. They were dismissed by the Hon. Freda L. Wolfson, U.S.D.J. on September 22, 2020, July 15, 2020, and January 22, 2021, respectively.

I further certify that the matter in controversy involves the plaintiffs Actelion Pharmaceuticals Ltd and Actelion Pharmaceuticals US, Inc. as well as a patent-in-suit (United States Patent Nos. 7,094,781) that were at issue in the matters captioned *Actelion Pharmaceuticals Ltd et al. v. Alembic Pharmaceuticals Limited et al.*, Civil Action No. 23-01902 (SRC)(ESK) (D.N.J.), and *Actelion Pharmaceuticals Ltd et al. v. MSN Laboratories Private Limited et al.*, Civil Action No. 23-03371 (SRC)(ESK) (D.N.J.). Those matters were filed on April 4, 2023, and June 20, 2023, respectively. They were dismissed by the Hon.Stanley R. Chesler, U.S.D.J. on September 28, 2023, and November 14, 2023, respectively.

I further certify that the matter in controversy involves the plaintiffs Actelion Pharmaceuticals Ltd and Actelion Pharmaceuticals US, Inc. as well as the patents-in-suit (United States Patent Nos. 7,094,781 and 10,946,015) that were at issue in the matter captioned

*Actelion Pharmaceuticals Ltd et. al. v. Sun Pharmaceuticals Industries Limited et. al.*, Civil Action No 23-00116 (SRC) (D.N.J.). This matter was filed on January 10, 2023 and was dismissed by the Hon. Stanley R. Chesler, U.S.D.J. on December 11, 2023.

I further certify that the matter in controversy involves the plaintiffs Actelion Pharmaceuticals Ltd and Actelion Pharmaceuticals US, Inc. as well as a patent-in-suit (United States Patent No. 7,094,781) that was at issue in the matter captioned *Actelion Pharmaceuticals et al. v. Apotex Inc. et al.*, Civil Action No. 23-00734 (UNA) (D. Del.). This matter was filed on July 6, 2023 and was dismissed by the Hon. Colm Felix Connolly, U.S.D.J. on September 28, 2023.

I further certify that the matter in controversy involves the plaintiffs Actelion Pharmaceuticals Ltd and Actelion Pharmaceuticals US, Inc. and the patents-in-suit (United States Patent Nos. 7,094,781 and 10,946,015) that are at issue in the ongoing matter captioned *Actelion Pharmaceuticals Ltd et al. v. Mylan Pharmaceuticals Inc.*, Civil Action No. 23-00088 (TSK) (N.D.W. Va.), which was filed on November 7, 2023.

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: March 19, 2024

*Of Counsel:*

Bruce M. Wexler
Preston K. Ratliff II
Mi Zhou
Mark Russell Sperling
Sarah E. Spencer
Jessica Stauring
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

By: *s/ Keith J. Miller*
   Keith J. Miller
   ROBINSON MILLER LLC
   Ironside Newark
   110 Edison Place, Suite 302
   Newark, NJ 07102
   (973) 690-5400
   kmiller@rwmlegal.com

*Attorney for Plaintiffs*
*Actelion Pharmaceuticals Ltd and*
*Actelion Pharmaceuticals US, Inc.*

- 14 -